## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RAOUL FELDER,

        Plaintiff,

    v.

ALLIANCE GLOBAL WEALTH
MANAGEMENT, a/k/a BERNSTEIN
GLOBAL WEALTH MANAGEMENT,
SANFORD C. BERNSTEIN & CO. LLC and
ALLIANCEBERNSTEIN, L.P., formerly
known as ALLIANCE CAPITAL
MANAGEMENT, L.P.,

        Defendants.

Case No. 08 CIV 9680



---

### NOTICE OF REMOVAL

### 28 U.S.C. § 1441

    Defendants Alliance Global Wealth Management (a/k/a Bernstein Global Wealth Management) Sanford C. Bernstein & Co. LLC and AllianceBernstein L.P. (formerly known as Alliance Capital Management L.P.) (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441 and §1446, hereby give notice of removal of this case to the United States District Court for the Southern District of New York, and state:

    1.  On October 20, 2008, Plaintiff Raoul Felder (acting *pro se*) filed a Complaint in the Supreme Court of the State of New York, County of New York.  A true and correct copy of plaintiff's Summons with Complaint, styled *Felder v. Alliance Global Wealth Management, et al.*, Index No. 08-114074, is attached hereto as Exhibit A.   Defendants were served on October 21, 2008.

2.   The Complaint purports to state fifteen causes of action.  Among the causes of action in the Complaint are <u>Federal</u> claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (Compl. ¶¶ 53-57), Section 17(a) of the Securities Act of 1933 (Compl. ¶¶ 58-60), Section 12(2) of the Securities Act of 1933  (Compl. ¶¶ 61-63), and two claims under the Racketeer and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 (Compl. ¶¶ 64-74).

## FEDERAL QUESTION JURISDICTION EXISTS

3.   This Court has original jurisdiction of all civil actions arising under the laws of the United States pursuant to 28 U.S.C. §1331.

4.   The Complaint at issue asserts numerous causes of action based on Federal law, including claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder and the Racketeer and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961.

5.   As such, this action is properly removable under 28 U.S.C. §1441(a) and (b), which provides for removal of actions over which the district courts have original jurisdiction of claims asserted under the laws of the United States.  *See Baruch Coleman v. Nat'l Assoc. of Secs. Dealers, Inc.*, 1999 U.S. Dist. LEXIS 7172 (May 14, 1999 S.D.N.Y.) ("Federal courts have exclusive jurisdiction over claims brought under the Exchange Act.  As this case relates to federal question jurisdiction, it was properly removed."); *Gerald D. Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) ("A single claim over which federal-question jurisdiction exists is sufficient to allow removal.").

## PROCEDURAL ISSUES

6.   This Notice of removal is timely because it is filed within thirty (30) days after service of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based" as prescribed by 28 U.S.C. § 1446(b).

7.   Written notification of the filing of this Notice of Removal is being made upon Plaintiff, pursuant to 28 U.S.C. § 1446(d).

8.   Furthermore, a copy of the Notice of Filing Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants hereby give notice that the above-captioned state court action has been removed to the United States District Court for the Southern District of New York, and respectfully requests that this Court accept jurisdiction of this action.


Dated:  New York, NY
        November 10, 2008

Respectfully submitted,

MILBANK TWEED HADLEY & McCLOY LLP

By: _Sean M. Murphy_
Sean M. Murphy
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000
smurphy@milbank.com

*Attorneys for Defendants*

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

RAOUL FELDER,

                              Plaintiff,

        -against-

ALLIANCE GLOBAL WEALTH MANAGEMENT,
a/k/a BERNSTEIN GLOBAL WEALTH
MANAGEMENT, SANFORD C. BERNSTEIN & CO.,
LLC and ALLIANCEBERNSTEIN, L.P., formerly
known as ALLIANCE CAPITAL MANAGEMENT,
L.P.,

                              Defendants.

-------------------------------------------------------------x

Index No.   08114074

**SUMMONS WITH
COMPLAINT**

Date summons filed:

_____

Plaintiff designates New
York County as the
place of trial.

The basis of venue is
Plaintiff's residence.
Plaintiff resides at

## ACTION FOR A DIVORCE

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and
to serve a copy of your answer on the Plaintiff's Attorney within 20 days after the
service of this summons exclusive of the day of service, where service is made by
delivery upon you personally within the state, or within 30 days after completion
of service where service is made in any other manner. In case of your failure to
appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: October 20, 2008
       New York, New York

FILED

OCT 2 0 2008

COUNTY CLERK'S OFFICE
NEW YORK

RAOUL FELDER
Plaintiff *Pro se*
437 Madison Avenue
New York, New York 10022
(212) 832-3939

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
RAOUL FELDER,                                                    Index No.

        Plaintiff,      **VERIFIED**
                 **COMPLAINT**

   -against-

ALLIANCE GLOBAL WEALTH MANAGEMENT,    0 8 1 1 4 0 7 4
a/k/a BERNSTEIN GLOBAL WEALTH
MANAGEMENT,  SANFORD C. BERNSTEIN & CO,, LLC
and ALLIANCEBERNSTEIN, L.P.,
formerly known as ALLIANCE CAPITAL
MANAGEMENT, L.P.,

         Defendants.
------------------------------------------------------------------------X

  Plaintiff *Pro se*, for his Complaint alleges as follows:

  1.  At all relevant times, plaintiff RAOUL FELDER is and was a resident of Manhattan, State of New York.  Mr. Felder is hereinafter referred to as the "Plaintiff".

  2.  Upon information and belief, at all relevant times Defendant ALLIANCE GLOBAL WEALTH MANAGEMENT ("Alliance Global Wealth"), also known as "Bernstein Global Wealth Management", is a unit of ALLIANCEBERNSTEIN, LP, and was and is effectively indistinguishable from Defendant ALLIANCEBERNSTEIN, L.P. ("Alliance").

  3.  Upon information and belief, at all relevant times Defendant SANFORD C. BERNSTEIN & CO., LLC ("SCB"), is a limited liability company established under the laws of New York State and/or authorized to do business in the State of New York, with its principal place of business at 1345 Avenue of the

Americas, Manhattan, New York. Upon information and belief, SCB is a wholly-owned subsidiary of ALLIANCEBERNSTEIN, LP.

4.      Upon information and belief, at all relevant times Defendant ALLIANCEBERNSTIEN, L.P. ("Alliance") is and was a Limited Partnership licensed by the State of New York and/or authorized by the State of New York to do business in the State of New York, with its principal place of business at 1345 Avenue of the Americas, Manhattan, New York. Upon information and belief, ALLIANCE is the successor in interest to Alliance Capital Management, L.P. ("Alliance Capital").

5.      The three Defendants are hereinafter referred to collectively as the "Alliance Defendants".

6.      At all times hereinafter mentioned, the Alliance Defendants and their agents and employees purported to possess the requisite skills and knowledge to provide members of the public with financial and investment advice and strategies.

7.      On or about January, 2007, Plaintiff, on the advice of, and solicitation by, the Alliance Defendants and their agents and employees, agreed to deliver to and/or invest with the Alliance Defendants a substantial percentage of his investment portfolio. Prior to the delivery of said investment portfolio, as well as upon and after said delivery, Plaintiff made it very clear to the Alliance Defendants through their agents and employees that his primary consideration in any investment strategy to be undertaken and/or recommended by the Alliance Defendants on his behalf was that any and all investments be conservative, with the security of the investment corpus of paramount concern. Over several conversations with J.W., an agent and employee of the Alliance Defendants, the Plaintiff made his investment objectives clear. This investment limitation was further presented and reiterated to the Alliance Defendants through J.W. by the Plaintiff's accountant, with the result that Plaintiff made his investment limitations

clear and concise to the Alliance Defendants.  Plaintiff made it clear that he earns substantial and sufficient, for him, sums of money, and that as far as the money entrusted to Defendants, his stated goal was the preservation of capital.

8.     Between January 8, 2007 and April 9, 2007, the Alliance Defendants, through their representatives, agents and employees, including without limitation J.W., the account executive for Plaintiff, undertook to convince Plaintiff to invest in Hedge Fund investment partnerships established and maintained by the Alliance Defendants. In order to induce Plaintiff to participate and subscribe to their Hedge Fund partnerships the Alliance Defendants understated the risks involved in said Hedge Fund investments.  The Alliance Defendants further induced Plaintiff to subscribe to the Hedge Fund partnerships by misleading Plaintiff as to the performance of the particular fund in which they were inducing him to subscribe, known as "AllianceBernstein Global Diversified Strategies L.P. Hedge Fund B" ("Fund B").  The Alliance Defendants used the performance of "AllianceBernstein Global Diversified Strategies L.P. Hedge Fund A" ("Fund A"), a Fund that, upon information and belief, had been in existence far longer than Fund B, as representative of how Fund B would perform.  The Alliance Defendants used Fund A in this fashion knowing that Fund A had distinct and material differences from Fund B which made the comparison inappropriate and improper, and resulted in a misrepresentation of the performance of Fund B that could be expected. When Plaintiff reiterated his primary investment mandate of conservatism and security the Alliance Defendants assured him that the Fund B investment was consistent with his stated investment preferences and parameters (as was additionally made clear to them and acknowledged by them, by virtue of all the sums of money entrusted to them and to which they adhered, up until their solicitation of said Hedge Fund by Defendants.  The Alliance Defendants represented to Plaintiff at all relevant times that Fund B was secure and conservative and consistent with the

3

investment mandate of conservatism and security that Plaintiff had informed the Alliance Defendants was of paramount importance to him, being the Plaintiff's primary investment strategy. Prior to the Plaintiff agreeing to invest in Fund B the Alliance Defendants promised and assured Plaintiff that his investment in Fund B would be secure. Plaintiff was induced to invest $750,000 in Fund B from assets already held by Defendants.

9.      Upon information and belief, the Alliance Defendants make more commissions and fees from Plaintiff's participation in Fund B than from the more conservative and secure investments available to Plaintiff through the Alliance Defendants. These more conservative and secure investments were the type of investment vehicles in which Plaintiff historically participated, and which the Alliance Defendants were aware of. Defendants abused Plaintiff's trust and acted in giving such advise and recommendation out of greed and self-interest.

10.    Almost immediately after being induced to invest a sizeable portion of his investment portfolio in Fund B, on or about April, 2007, the Plaintiff began to suffer significant losses in said investment. Said losses continued to mount until Plaintiff eventually withdrew from Fund B on or about June, 2008 (requests to withdraw at an earlier date were refused, although Defendnat had power to allow this). As the losses kept occurring, the Plaintiff continued to express his concern to the Defendants, through J.W., their agent and employee, about the appropriateness of this investment given his investment preferences. At no time did the Alliance Defendants advise Plaintiff to withdraw his investment in Fund B and in fact prevented him from doing so until June, 2008. Upon information and belief, during that same time period that the Plaintiff participated in Fund B the Alliance Defendants continued to profit from Plaintiff's participation in Fund B.

11.    When confronted with the concerns of the Plaintiff, the Defendants' response to the Plaintiff through its employees, including without limitation

4

Senior Vice President Mark A. Nelson and Vice President Mark R. Anderson, was to minimize his concerns by claiming that his $750,000 investment that he was induced to invest from funds of Plaintiff they already held in Fund B represented only a minor portion of Plaintiff's investment portfolio (between $9 and $10 million dollars), held by Defendants, effectively discounting the concerns of the Plaintiff. The Defendants continued to be indifferent to the complaints of the Plaintiff that they had misrepresented Fund B, including the conservative nature and the security of the Fund, as well as the fact that the Defendants had disobeyed the investment directions and preferences of the Plaintiff in steering him to Fund B. The Defendants attempted to "validate" the investment in Fund B by claiming that there were "thousands of other investors" in Fund B. When the Plaintiff requested documents concerning Fund B and his investment therein, the Defendants ignored his requests. Defendants acted out of greed and self-interest in soliciting transfers of funds from Plaintiff's account which they already held to a financial vehicle, inconsistent with Plaintiff's stated financial goals. The foregoing was compounded, upon information and belief, by lack of expertise and experience in the financial vehicle which was the object of Defendant's solicitations of Plaintiff.

12.    As a result of the conduct of the Alliance Defendants acting through their agents and employees, Plaintiff has suffered financial damages.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

13.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 as if fully set forth herein.

14.    The Alliance Defendants entered an agreement with the Plaintiff whereby they agreed that, in exchange for commissions and other fees they would

receive from the investments of the Plaintiff, they would provide reasonable and competent financial and investment advice and professional services suitable for and consistent with Plaintiff's investment objectives and directions, as stated to the Defendants by the Plaintiff. As part of the agreement between Plaintiff and the Alliance Defendants, and in consideration of the Plaintiff investing part of his investment portfolio with the Alliance Defendants, the Alliance Defendants agreed to follow Plaintiff's stated investment directions of conservatism and security in recommending investments to the Plaintiff and advising him of same.

15.     Pursuant to this agreement, the Alliance Defendants were obligated to provide competent financial and investment advice and professional services in accordance with applicable industry rules, regulations, customs and practices. Such obligations were mandated by the very nature of the Alliance Defendants' business, business affiliations and undertakings.

16.     Pursuant to the agreement with the Plaintiff the Alliance Defendants did make certain recommendations and offer certain advice to the Plaintiff and induce him to make certain investments based upon such recommendations and advice, and the Alliance Defendants did receive commissions on said investments.

17.     The Plaintiff fulfilled all his duties and responsibilities to the Defendants under the agreement between the Parties.

18.     The Defendants breached the agreement between the Plaintiff and themselves by

a. failing to properly and accurately advise Plaintiff of the substantial risks of Fund B;

b. directing Plaintiff to invest in Fund B and in promoting Fund B to Plaintiff with the intent of having Plaintiff invest in Fund B;

c. failing to establish and implement appropriate supervisory procedures;

d. by failing to properly investigate investments recommended and solicited by its employees, including Fund B.

e. The Defendants acted on their own self-interest and greed.

f. That if Defendants had followed Plaintiff's instructions and declaration of his goals, said investment monies would have been worth more and Plaintiff would not have incurred a loss no less than $200,000, a loss of 33 1/3 %.

g. The Defendants knew or should have known that the agents had neither the expertise, ability or experience to manage a fund in such a manner that would effectuate the stated goals of Plaintiff.

19. As a result of the conduct of the Alliance Defendants, the Plaintiff has suffered damages in the amount of no less than $200,000.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FRAUD AND CONSPIRACY

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21. In order to induce the Plaintiff to invest in Fund B the Alliance Defendants promised and represented to the Plaintiff the following:

a. his investment in Fund B would be secure and that the Fund B investment was of a conservative nature, with little risk of loss;

b. that Fund A and Fund B were fundamentally similar.

c. that the performance of Fund A represented the performance that the Plaintiff could expect from Fund B, and therefore the Plaintiff could rely on the historic performance of Fund A in assessing the performance and security of Fund B.

22. At the time the Alliance Defendants fraudulently and falsely made the above representations they knew that the above stated representations were

material considerations in causing the Plaintiff to agree to invest in Fund B.  At

the time the Alliance Defendants fraudulently and falsely made the above

representations they knew or had reason to know they were false and they knew

that the Plaintiff would rely on their representations resulting in Plaintiff's

investing in Fund B, and in fact did rely on said representations, all to his

detriment.  At the time the Alliance Defendants made the above representations

they knew that (a) Fund B was not a conservative investment with little risk of

loss; (b) that Fund A and Fund B were fundamentally different investments; and

(c) that the performance of Fund A was not a proper basis to anticipate the

performance of Fund B.  The Alliance Defendants intentionally and knowingly

withheld information from the Plaintiff concerning the  differences between Fund

A and Fund B, all as a means of inducing the Plaintiff to invest in Fund B,

knowing that the representations that they were making concerning the similarities

between Fund A and B were false.

23.    The Alliance Defendants were aware or should have been aware that

the representations made by them, including those made by J.W., their agent, to

the Plaintiff to induce the Plaintiff into investing his funds in Fund B were

fraudulent and were materially misleading at the time they were made.  The

Alliance Defendants entered into a conspiracy to defraud the Plaintiff for the

purpose of inducing him into investing in Fund B, all to the detriment of the

Plaintiff and to the benefit of the Defendants.  In furtherance of the conspiracy, the

Alliance Defendants would constantly and continuously reassure the Plaintiff that

his investment in Fund B was secure with little risk of loss.

24.    As a result of the conduct of the Defendants, the Plaintiff has suffered

damages in the amount of not less than $200,000.  Plaintiff is entitled to punitive

damages in the amount of $5,000,000 as the conduct of the Alliance Defendants

was willful, wanton, malicious and in total disregard for the truth as well as for the rights of the Plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FALSE REPRESENTATIONS

25.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26.    The Alliance Defendants intentionally, willfully and maliciously made false representations about Fund B to the Plaintiff for the sole purpose of inducing and coercing the Plaintiff into investing in Fund B, all for the gain of the Defendants and to the detriment of the Plaintiff. These false representations included:

a.  that the Plaintiff's investment in Fund B would be secure and that the Fund B investment was of a conservative nature, with little risk of loss;

b.  that the performance of Fund A represented the performance that the Plaintiff could expect from Fund B, and therefore the Plaintiff could rely on the historic performance of Fund A in assessing the performance and security of Fund B.

27.    Upon information and belief all of the Alliance Defendants were aware of the fraudulent representations made by the Alliance Defendants and were participants in the scheme to induce the Plaintiff into investing in Fund B. All of the Alliance Defendants schemed to defraud the Plaintiff and induce him into investing in Fund B, all to the detriment of the Plaintiff and to the benefit of the Defendants.

28.    As a result of the conduct of the Defendants, the Plaintiff has suffered damages in the amount of no less than $200,000. Plaintiff is entitled to punitive

damages in the amount of $5,000,000 as the conduct of the Defendants was willful, wanton, malicious and in total disregard for the rights of the Plaintiff.

## AS AND FOR  FOURTH CAUSE OF ACTION FOR NEGLIGENCE

29.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 as if fully set forth  herein.

30.    The statements made by the Alliance Defendants to the Plaintiff concerning the security and conservatism of investment in Fund B, as well as the expected performance of Fund B were made negligently and carelessly, without any reasonable ground to believe that they were true.

31.    At the time said representations were made by the Alliance Defendants, the Plaintiff did not know the truth but believed their representations to be true, relied upon them and was thereby induced to invest in Fund B.

32.    Upon information and belief all of the Defendants were aware of the fraudulent representations made by the Alliance Defendants and were participants in the scheme to induce the Plaintiff into investing in Fund B, all to the detriment of the Plaintiff and to the benefit of the Defendants and said damage to Plaintiff incurred because of the greed and betrayal of trust and fidicuary duty by the Defendants.

33.    As a result of the conduct of the Alliance Defendants, the Plaintiff has suffered damages in the amount of not less than $200,000.  Plaintiff is entitled to punitive damages in the amount of $5,000,000 as the conduct of the Defendants was willful, wanton, malicious and in total disregard for the rights of the Plaintiff.

## AS AND FOR  FIFTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

34.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth  herein.

35.    At the time the Alliance Defendant were representing to the Plaintiff that the Fund B investment was conservative in nature and secure, and consistent with the Plaintiff's investment preferences and strategies, the Defendants knew or should have known that by investing his funds in Fund B, the Plaintiff's funds would be subjected to significant risk of loss.  At all relevant times the Plaintiff reposed complete confidence and trust in the Alliance Defendants to handle his investment accounts and advise the Plaintiff appropriately in accordance with Plaintiff's stated investment objectives, thus giving rise to a fiduciary duty on the part of the Alliance Defendants to Plaintiff.

36.    The Alliance Defendants had a fiduciary duty to advise the Plaintiff of the real and actual risks of investing in Fund B and of advising the Plaintiff that the performance of Fund B may not be the same as that of Fund A.  The Defendants breached that fiduciary duty by failing to inform the Plaintiff of the real and potential risks of investment in Fund B and of failing to inform the Plaintiff that the performance of Fund A may not be similar to that of Fund B, knowing the Plaintiff's stated investment objectives and had a further duty to advise Plaintiff, upon information and belief, of the inexperience and lack of competence of the agents of Defendants receiving said funds.

37.    As a result of the conduct of the Defendants, the Plaintiff has suffered damages in the amount of not less than $200,000.  Plaintiff is entitled to punitive damages in the amount of $5,000,000 as the conduct of the Defendants was willful, wanton, malicious and in total disregard for the rights of the Plaintiff.

## AS AND FOR SIXTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT AND RECISSION

38.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39.     Solely because of the false representations made by Alliance Defendants the Plaintiff executed the Limited Partnership and Subscription Agreements concerning Fund B.  As a result, the Limited Partnership and Subscription Agreements are therefore in all respects void and unenforceable.

40.     The Plaintiff has no adequate remedy at law.

41.     Given the above, the Plaintiff requests judgment declaring the Limited Partnership and Subscription Agreements for Fund B rescinded, void and unenforceable, and returning the Plaintiff's original investment to him, plus interest.

## AS AND FOR  SEVENTH CAUSE OF ACTION FOR FAILURE TO SUPERVISE

42.     Plaintiff repeats and realleges  the allegations set forth in paragraphs 1 through 41. as if fully set forth  herein.

43.     The above-mentioned scheme to induce the Plaintiff to invest in Fund B was done with the assistance of the employees of each of the Alliance Defendants.  The scheme was facilitated by the Alliance Defendants' negligent failure to maintain and enforce a reasonable adequate system of internal supervision, control and supervision by persons who acted in the self-interest of the Defendants, and lacked the expertise and integrity to forward Plaintiff's stated financial goals, over their employees and agents, including without limitation Jeffrey Wiesenfeld, and, upon information and belief, failure to enforce their own rules and procedures  and regulations with regard to advising clients of potential and possible investment opportunities, and, therefore, did induce, participate in, approve, and accept the benefits of the fraudulent and deceptive schemes and practices as described herein.

44.     As a result of the conduct of the Defendants, the Plaintiff has suffered damages in the amount of not less than $200,000. Plaintiff is entitled to punitive damages in the amount of $5,000,000 as the conduct of the Defendants was willful, wanton, malicious and in total disregard for the rights of the Plaintiff.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR VIOLATION OF GENERAL BUSINESS LAW SECTION 352-c

45.     Plaintiff repeats and realleges  the allegations set forth in paragraphs 1 through 44 as if fully set forth  herein.

46.     The conduct of the Alliance Defendants stated herein, including without limitation making false representations to the Plaintiff concerning the secure and conservative nature of Fund B, as well as the performance of Fund B, constitute a violation of General Business Law Section 352-c in that the Defendants employed, *inter alia*, the following acts or practices:

a. using fraud, deception, concealment, false pretense in inducing Plaintiff, whose assets they held, to purchase interests in Fund B;

b. making promises or representations as to the future performance of Fund B which was at the time beyond reasonable expectation or which were unwarranted by existing circumstances;

c. making representations or statements which were false, where the Defendants who made such representations or statements (i) knew the truth; or (ii) with reasonable effort could have known the truth; or (iii) made no reasonable effort to ascertain the truth; or (iv) did not have knowledge concerning the representation or statement made.  All of the above acts and practices were engaged in to induce the Plaintiff to purchase interests in Fund B.

47.    As a result of the conduct of the Defendants and their violation of General Business Law 352-c, the Plaintiff has suffered damages in the amount of not less than $200,000.

## AS AND FOR A NINTH CAUSE OF ACTION FOR VIOLATION OF GENERAL BUSINESS LAW SECTION 349

48.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

49.    The conduct of the Alliance Defendants stated herein, including without limitation making false representations to the Plaintiff concerning the secure and conservative nature of Fund B as well as the performance of Fund B, constitutes a violation of General Business Law Section 349 in that the Defendants engaged in deceptive acts and practices to induce the Plaintiff to purchase an interest in Fund B.

50.    As a result of the conduct of the Defendants and their violation of General Business Law 349, the Plaintiff has suffered damages in the amount of not less than $200,000. As the Alliance Defendants knowingly and willfully violated General Business Law Section 349, Plaintiff also is entitled to treble damages and attorney fees.

## AS AND FOR A TENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

51.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50 as if fully set forth herein.

52.    As a result of the conduct of the Alliance Defendants the Plaintiff was improperly induced to invest in Fund B. As a result of Plaintiff's investment under the circumstances presented herein, the Alliance Defendants have been unjustly enriched in an amount yet to be determined. The Alliance Defendants

should disgorge any and all profits, fees, commissions and benefits they received as a result of the Plaintiff's investment in Fund B.

## AS AND FOR A ELEVENTH CAUSE OF ACTION PURSUANT TO 15 U.S.C. SECTION 78j(b) and 17 C.F.R. Section 240.10b-5

53.    Plaintiff repeats and realleges  the allegations set forth in paragraphs 1 through 52 as if fully set forth  herein.

54.    The Alliance Defendants made representations to the Plaintiff, and solicited the Plaintiff to invest in Fund B. At the time the Alliance Defendants knew Plaintiff lacked sufficient investment experience as well as material knowledge concerning Fund B so as to enable Plaintiff to make an informed decision about investing in Fund B.  Defendant's acted in disregard of Plaintiff's stated financial goals and in their own economic self-interest.

55.    The investment in Fund B was unsuitable for Plaintiff and the stated financial goals of the Plaintiff and was transacted and encouraged by the Alliance Defendants for the Alliance Defendants' benefit and in disregard of the interests of the Plaintiff.

56.    The acts and conduct of the Alliance Defendants were done recklessly with scienter by the Alliance Defendants in connection with the purchase of Fund B with intent to deceive and defraud the Plaintiff.  In engaging in the acts and conduct complained of herein, the Alliance Defendants made use of the means and instrumentalities of interstate commerce  as a device, scheme, or artifice to defraud, as well as a practiced course of business that operated as a fraud and/or deceit on Plaintiff in violation of Section 10b of the Securities Exchange Act of 1934 (15 U.S.C.A. Section 78j(b)) and Rule 10b-5 of the Securities and Exchange Commission (17 C.F.R. Section 240.10b-5).  The conduct of the Alliance Defendants amounted to (a) the Alliance Defendants employing a device, scheme

or artifice to defraud; (b) making an untrue statement or statements of material facts and/or to omit to state a material fact or facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices and/or courses of business which operate or would operate as a fraud or deceit upon any person, including the Plaintiff.

57.    As a proximate result of the acts and conduct of the Alliance Defendants Plaintiff has been injured and damaged in an amount yet to be determined but in no event not less than $200,000.

## AS AND FOR A TWELFTH CAUSE OF ACTION PURSUANT TO 15 U.S.C.A. SECTION 77q(a)

58.    Plaintiff repeats and realleges  the allegations set forth in paragraphs 1 through 57 as if fully set forth  herein.

59.    Alliance Defendants violated Section 17(a) of the Securities Act of 1933 (15 U.S.C.A. Section 77q(a)) in that by use of a means or instrumentalities of transportation or communication in interstate commerce or by the use of the United States mail, directly or indirectly, they employed a device, scheme or artifice to defraud Plaintiff and/or obtained money or property from the Plaintiff by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made by the Alliance Defendants and/or their agents not misleading, in light of the circumstances under which they were made; and engaged in a transaction, practice and/or course of business that operated as a fraud or deceit on the Plaintiff in the offering of the interests in Fund B to the Plaintiff and not acting to effectuate the stated economic golas of the Plaintiff.  The conduct of the Alliance Defendants amounted to (a) the Alliance Defendants employing a device, scheme or artifice to defraud; (b)

obtaining money or property by means of an untrue statement or statements of material facts and/or the omission to state a material fact or facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices and/or courses of business which operate or would operate as a fraud or deceit upon any purchaser, including the Plaintiff.

60.    As a proximate result of the acts and conduct of the Alliance Defendants Plaintiff has been injured and damaged in an amount yet to be determined, but in no event less than $200,000.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION PURSUANT TO 15 U.S.C.A. SECTION 77-l(2)

61.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 60 as if fully set forth herein.

62.    Alliance Defendants violated Section 12(2) of the Securities Act of 1933 (15 U.S.C.A. Section 77-l(2)) in that by use of a means or instrumentalities of transportation or communication in interstate commerce or by the use of the United States mail, directly or indirectly, they made oral statements in promoting Fund B to the Plaintiff that included untrue statements of material facts and they omitted to state facts necessary in order to make the statements not misleading, in light of the circumstances in which they were made. Plaintiff did not know of such untruths and omissions.

63.    As a proximate result of the acts and conduct of the Alliance Defendants Plaintiff has been injured and damaged in an amount yet to be determined, but in no event less than $200,000.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION PURSUANT TO
## 18 U.S.C.A. SECTION 1961 *et. seq.*

64.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 63 as if fully set forth herein.

65.     This is a claim for damages and other appropriate relief arising under the Racketeer and Corrupt Organizations Act (RICO), 18 U.S.C. Section 1961 *et seq.* The Alliance Defendants are an "enterprise" engaged in, and the activities of which affect, interstate and foreign commerce within the meaning of 18 U.S.C. Sections 1961 and 1962.

66.     The enterprise of the Defendants engaged in a pattern of racketeering activity to further their overall scheme to fraudulently induce the Plaintiff into purchasing subscriptions to and investing in Fund B. The predicate acts of the enterprise included, upon information and belief, several episodes of the use of the mails in repeated violation of 18 U.S.C. Section 1341 (mail fraud), including the following:

a)  Several times during a four-month period ceasing on or about April 9, 2007 using the mails of the United States in sending and receiving various documents, including without limitation subscription agreements and limited partnership agreements and supporting documents and contracts of sale, said documents sent to and received by the Plaintiff and various third parties, the identity of whom are solely and exclusively in the possession and knowledge of the Defendants, for the purpose of promoting the fraudulent scheme that includes the investment of the Plaintiff into Fund B.

67.     At the time of the above predicate acts the enterprise was aware that the Plaintiff had no knowledge of the scheme. The purpose of the above acts of mail fraud was to fraudulently induce the Plaintiff into investing in Fund B in

derogation of their fiduciary duty to Plaintiff and his stated economic goals . The above acts were perpetrated by the enterprise and the Defendants with the intent to fraudulently induce the Plaintiff into investing in Fund B. Upon information and belief the Defendants engaged in other predicate acts of mail fraud to further their scheme to fraudulently induce the Plaintiff to invest in Fund B for the benefit of the enterprise.

68.    As a result of the pattern of racketeering activity described above and the violation of 18 U.S.C. Section 1962(c), the Plaintiff has suffered financial losses of not less than $200,000.

69.    By reason of the aforementioned circumstances and events, the Defendants unlawfully, willingly and knowingly operated an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. Section 1962(c). In so doing the Defendants unfairly injured and damaged the Plaintiff and inflicted financial losses on the Plaintiff that he would not have otherwise incurred.

70.    As a result of the above the Plaintiff seeks and holds the Defendants severally and jointly liable for an award of threefold the damages suffered, plus interest, in an amount not yet ascertained but not less than $750,000, and an award of costs of this suit, including reasonable attorney's fees and any other associated costs.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION PURSUANT TO 18 U.S.C. SECTION 1961 *et seq.*

71.    Plaintiff repeats and realleges  the allegations set forth in paragraphs 1 through 70 as if fully set forth  herein.

72.    This is a claim for damages and other appropriate relief arising under the Racketeer and Corrupt Organizations Act (RICO), 18 U.S.C. Section 1961 *et seq.* Upon information and belief the Defendants each agreed to the commission

of the above predicate acts as stated in paragraph 56 herein. As such the Defendants had agreed in fact to violate 18 U.S.C. Section 1962(d), by conspiring to fraudulently induce the Plaintiff to invest in Fund B by the ways and means described above, including without limitation by fraudulently misrepresenting to the Plaintiff the nature of said investment and the alleged performance of Fund B.

73.    By reason of the aforementioned circumstances and events, the Defendants conspired to unlawfully, willingly and knowingly operate an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. Section 1962(d). In so doing the Defendants unfairly injured and damaged the Plaintiff and inflicted severe financial losses on the Plaintiff that he would not have otherwise incurred, in an amount no less than $200,000.

74.    As a result of the above the Plaintiff seeks and holds the Defendants severally and jointly liable for an award of threefold the damages suffered, plus interest, in an amount not yet ascertained but not less than $750,000, and an award of costs of this suit, including reasonable attorney's fees and any other associated costs.

WHEREFORE, the defendants demand judgment as follows:

I.    On the First Cause of Action, damages in the sum of not less than $200,000;

II.    On the Second Cause of Action. damages in the sum of not less than $200.000 plus punitive damages of $5,000,000;

III.    On the Third Cause of Action, damages in the sum of not less than $200,000, plus punitive damages of $5,000,000;

IV.    On the Fourth Cause of Action, damages in the sum of not less than $200,000, plus punitive damages of $5,000,000;

V.    On the Fifth Cause of Action, damages in the sum of not less than $200,000, plus punitive damages of $5,000,000;

VI.    On the Sixth Cause of Action, judgment declaring the Limited Partnership and Subscription Agreements for Fund B rescinded, void and unenforceable, and returning the Plaintiff's original investment to him, plus interest;

VII.    On the Seventh Cause of Action, damages in the sum of not less than $200,000, plus punitive damages of $5,000,000;

VIII.    On the Eighth Cause of Action, damages in the sum of not less than $200,000;

IX.    On the Ninth Cause of Action, damages in the sum of not less than $200,000, treble damages and attorney fees;

X.    On the Tenth Cause of Action, disgorgement by the Alliance Defendants of any and all profits, fees, commissions and benefits they received as a result of the Plaintiff's investment in Fund B;

XI.    On the Eleventh Cause of Action, damages in an amount yet to be determined, but in no event less than $200,000;

XII.    On the Ninth Cause of Action, damages in an amount yet to be determined, but in no event less than $200,000;

XIII.    On the Tenth Cause of Action, damages in an amount yet to be determined, but in no event less than $200,000;

XIV.    On the Eleventh Cause of Action, an award of threefold the damages suffered of not less than $200,000, plus interest, in an amount not yet ascertained but not less than $750,000, and an award of costs of this suit, including reasonable attorney's fees and any other associated costs;

XV.    On the Thirteenth Cause of Action, an award of threefold the damages suffered of not less than $200,000, plus interest, in an amount not yet ascertained but not less than $750,000, and an award of costs of this suit, including reasonable attorney's fees and any other associated costs;

21

XVI.  Any further relief the Court deems appropriate;

Dated:      New York, New York
            October 20, 2008


                              RAOUL FELDER
                              Plaintiff *Pro se*
                              437 Madison Avenue
                              New York, New York 10022
                              (212) 832-3939